IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL J. RHOADES, *et al.*, | ) | CASE NO. 1:15 CV 578 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | JUDGE DONALD C. NUGENT |
| WELLS FARGO BANK, N.A., *et al.*, | ) ) ) | <u>MEMORANDUM OPINION</u> <u>AND ORDER REMANDING ACTION</u> |
| Defendants. | ) | <u>TO STATE COURT</u> |

There are two matters before this Court. Defendant filed a Motion for Reconsideration of the Order issued by this Court on May 26, 2015 granting Plaintiffs' Motion for Leave to File Amended Complaint. (ECF # 12). In response, Plaintiffs filed a Motion to Strike Defendant's Motion for Reconsideration. (ECF # 14). Having reviewed the arguments by both parties and the applicable law, the Court hereby denies Defendant's Motion for Reconsideration as well as Plaintiffss Motion to Strike.

After discovering the identity of some John Doe defendants, Plaintiffs filed their Motion for Leave to File Amended Complaint to include these recently discovered defendants that appear critical to the disposition of their claim. (ECF # 10). As this action is only three months old and the proposed additions appeared necessary, the Court granted the motion to amend the complaint.

Defendant now objects because it was not given time to file a response before this Court ruled. Defendant objects to the amendment because the proposed amended complaint was not attached to the motion to amend, and because the addition of the new defendants destroys diversity jurisdiction. Plaintiffs have now filed their amended complaint (ECF # 13), and have additionally filed a motion to strike Defendant's motion for reconsideration (ECF # 14).

Neither of the Defendant's proposed objections are sufficient to warrant denial of Plaintiffs' motion to amend. FED R. CIV. P. 15(a) instructs courts to "freely give leave [to amend a complaint] when justice so requires." In Plaintiffs' motion to amend, Plaintiffs provided a sufficient explanation as to why justice requires they be permitted to include the newly discovered defendants: Plaintiffs only "recently learned the identities of" these defendants, and these defendants were "responsible for securing the subject property of this action." (ECF # 12). Regarding Defendant's assertion that granting Plaintiffs' motion to amend destroys diversity jurisdiction, 28 U.S.C. § 1447(e) allows a court to "deny joinder, or permit joinder and remand the action to the State court." This Court chooses to follow the latter option, permitting joinder and remanding the action to the State court. Contrary to Defendant's suggestion that the purpose of this amendment is to destroy diversity jurisdiction, the purpose is clearly to include the relevant parties that allegedly wrongfully secured Plaintiffs' property. At this early stage in an action, it is reasonable for Plaintiffs to request to amend their complaints after discovering new information which leads to the identification of previously unknown defendants.

Plaintiffs' Motion to Strike Defendant's motion for reconsideration is denied because Defendant was entitled to voice its objections to the proposed amendments. (ECF # 14). The Defendant has now done so. Because the addition of Defendant Herbruck Enterprises, LLC

destroys complete diversity of citizenship pursuant to 28 U.S.C. § 1332, this court remands this action to the Ashtabula County Court of Common Pleas.

    IT IS SO ORDERED.

                                              /s/ Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: June 16, 2015